MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE LANDIS, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-5283 |
| v. | ) ) | Judge John W. Darrah |
| WARNER CHILCOTT (US), LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Valerie Landis, brought suit against Defendant, Warner Chilcott (US), LLC, claiming she is entitled to unpaid overtime wages. Her claims are asserted under the Illinois Minimum Wage Law ("IMWL"), *codified at* 820 ILCS 105/1 *et seq.*, and the Fair Labor Standards Act ("FLSA"), *codified at* 29 U.S.C. § 201 *et seq.* Currently before the Court is Defendant's Motion to Transfer Venue to the United States District Court for the District of New Jersey.

The following facts are taken from the allegations in Plaintiff's Complaint and from declarations submitted in connection with Defendant's Motion to Transfer. Plaintiff worked for Defendant from February 2007 until December 2008, during which time she resided in Chicago. She was employed as a sales representative and worked exclusively within the Chicago metropolitan area and the western suburbs. As a sales representative, Plaintiff called on practicing physicians in order to deliver information regarding one of Defendant's pharmaceutical drugs.

While Plaintiff was employed by Defendant, she reported to four different individuals at various times. Three of these individuals were assigned to the Illinois market as Territory Managers. The fourth individual was the Regional Director. The Regional Director would fly from New Jersey to Chicago once a month to meet with sales representatives. Two of the three Territory Managers would fly from Florida to Illinois to meet with sales representatives in Chicago. Approximately forty other sales representatives for Defendant also were assigned to areas within Illinois during the last three years. Currently, Defendant employs approximately 679 sales representatives, 34 of whom reside in Illinois.

Defendant is a Delaware limited-liability company with its principal place of business and corporate headquarters in Rockaway, New Jersey. The majority of Defendant's corporate matters are handled in New Jersey. Individuals responsible for overseeing operations at Defendant's corporate offices are also located in New Jersey. Human-resource managers, training personnel, the incentive-compensation group, individuals developing job duties and core competencies, hiring and recruiting personnel, and Defendant's payroll department all are located at the New Jersey corporate office. Documents such as personnel files, training records, hiring and recruiting documents, and incentive-compensation payouts are located at the New Jersey corporate office. Defendant's computer servers are housed in New Jersey.

Plaintiff initiated this action on August 20, 2010. Count I asserts a claim on behalf of a putative class of Defendant's employees for violations of the IMWL. Count II

purports to state a collective action under § 16(b) of the FLSA (29 U.S.C. § 216(B)).[1] Defendants have moved to transfer venue from the United States District Court for the Northern District of Illinois to the United States District Court for the District of New Jersey.

## LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court must consider a variety of statutory factors in light of all the circumstances on a case-by-case basis. *See Coffey v. Van Dorn Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*Coffey*). The movant bears the burden of establishing that the transferee forum is clearly more convenient; the decision lies in the sound discretion of the trial judge. *Id.* The court may consider facts presented by way of "affidavit, deposition, stipulation, or other relevant documents." *Allstate Ins. Co. v. Mathison*, No. 02 C 418, 2002 WL 1396951, at *5 (N.D. Ill. June 26, 2002) (quoting *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983)).

## ANALYSIS

A party seeking transfer must show the following: (1) that venue is proper in both the transferor and the transferee courts; (2) that transfer is for the convenience of the

---

[1] Unlike class actions under Federal Rule of Civil Procedure 23, members of a § 216(b) collective action are not bound by the court's decision unless they "opt-in." *See Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982).

3

parties and witnesses; and (3) that transfer is in the interest of justice. 28 U.S.C.
§ 1404(a); *Coffey*, 796 F.2d at 219.

### *Venue in the Transferor and Transferee Courts*

The first requirement is not in dispute. Defendant has not contested jurisdiction in this Court, and both parties agree that venue and jurisdiction are proper in the District of New Jersey.

### *Convenience of the Parties and Witnesses*

In evaluating the convenience of the parties and witnesses, courts in this district consider five factors: (1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties litigating in the respective forums; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

A plaintiff's choice of forum is generally given substantial weight, particularly when the chosen forum is the plaintiff's home forum. *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007). That choice is entitled to less deference, however, "when another forum has a stronger relationship to the dispute, when the forum of plaintiff's choice has no significant connection to the site of material events, or in the context of nationwide class actions." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 857 (N.D. Ill. 2007) (citations omitted).

Plaintiff lives in Illinois and chose to file this action in her home forum. Defendant characterizes Plaintiff's suit as a nationwide collective action and argues that her choice is thus entitled to little weight. In support of that position, Defendant cites

4

*Sotelo v. Ebates Shopping.com, Inc.*, No. 06 C 2531, 2006 U.S. Dist. LEXIS 83539 (N.D. Ill. Nov. 13, 2006) (*Sotelo*), and *Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728 (N.D. Ill. 1997) (*Georgouses*). Neither case presents facts similar to the instant case. *Georgouses* involved a case in which the named plaintiff alleged a class of 5,670 members, less than half of whom lived in Illinois. 963 F. Supp. at 730. *Sotelo* also involved a nationwide class action. *See* 2006 U.S. Dist. LEXIS 83539, at *3.[2]

In the instant case, Plaintiff did not bring a nationwide class action. She brought an action on behalf of persons employed by Defendant in Illinois as sales representatives who were not paid overtime wages, and she has alleged that more than forty similarly situated putative class members also were employed in Illinois. *See* Compl. ¶¶ 26, 27. As Defendant notes, however, she also makes a claim for a collective action under the FLSA; and that claim is not limited to Illinois residents. Should additional plaintiffs not domiciled, residing or employed by Defendant in Illinois opt in to the FLSA claim, it may be the case that there will be no one forum that is convenient to all. But Plaintiff has not alleged any specific number of Defendant's employees who would be eligible to opt in to an FLSA claim, and Defendant has not shown how many such employees might opt in to an FLSA claim, other than to state that Defendant currently employs 679 sales representatives. Defendant does not indicate whether those employees are similarly situated and does not indicate the states in which those representatives live and work. Thus, Defendant's argument that employees may opt in from other states is entirely

---

[2] Moreover, the *Sotelo* opinion was withdrawn a few days after it was entered. *See Sotelo v. Ebates Shopping.com, Inc.*, No. 06 C 2531, 2006 WL 3332915 (N.D. Ill. Nov. 20, 2006).

speculative at this point. At any rate, even if the potential nationwide character of Plaintiff's FLSA claim reduces the weight to be placed on Plaintiff's choice of forum, Plaintiff's choice should not be disregarded entirely. *See Simonoff v. Kaplan, Inc.*, No. 09 C 5017, 2010 WL 1195855, at *1 (N.D. Ill. Mar. 17, 2010) ("[T]he majority of courts in this District have concluded that a plaintiff's choice of forum in a class action should be discounted, but not disregarded.") (compiling cases). This factor weighs at least slightly against transfer.

The second factor a court analyzes in determining whether transfer serves the convenience of the parties and witnesses is the site of material events. Neither party identifies any specific authority as to what constitutes the site of material events relevant to a claim for unpaid overtime compensation. Defendant offers several arguments as to why relevant *evidence* might be located in New Jersey but fails to show that the conduct underlying this suit occurred in New Jersey.

Plaintiff, on the other hand, contends that the relevant material events occurred in this judicial district. She applied for employment, interviewed, met with managers and supervisors, and received quarterly reviews in this district. She also worked the hours for which she claims a right to overtime pay here. Even if decisions relevant to Plaintiff's claims were made in New Jersey, Plaintiff has shown that a significant number of events related to her compensation occurred in this district. Defendant has not shown that this factor weighs in favor of transfer.

Next, the court must determine whether the ease of access to sources of proof weighs for or against the transfer of venue. Unilateral assertions that a majority of

documentary evidence is within a separate district will not normally be dispositive of transfer to that district. *Continental Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009) (*Continental*). "Moreover, documentary evidence is readily transferable and transporting it generally does not pose a high burden upon either party." *Id.* (citations omitted). Because documents now are easily scanned, stored, and electronically transmitted, moving them no longer creates the onerous burden it may once have imposed. *See Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, No. 07 C 4023, 2007 WL 3120011, at *5 (N.D. Ill. Oct. 24, 2007) (denying motion to transfer where "easily transferable paperwork will make up the bulk of the non-testimonial evidence in this matter and plaintiff has shown that some evidence will be found in the Chicago area").

Defendant has done little more than assert that most of its documents and computer servers are located in New Jersey. There is no indication as to why this presents any inconvenience to Defendant in the modern age of computers. This factor does not weigh in favor of transfer.

The fourth factor to consider is the convenience of the witnesses, which is generally considered to be of primary importance. *See Tingstol Co. v. Rainbow Sales, Inc.*, 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998). Courts consider the availability of compulsory process for the attendance of unwilling witnesses as well as the costs of obtaining the attendance of witnesses. *Simonian v. Hunter Fan Co.*, No. 10 C 1212, 2010 WL 3975564, at *3 (N.D. Ill. Oct. 7, 2010) (citation omitted). The convenience to nonparty witnesses is paramount. *See Bullard v. Burlington N. Santa Fe Ry.*,

No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily."). The party requesting the transfer has the burden of demonstrating "who its witnesses are, the nature of their testimony, and how important that testimony will be to the case." *Cent. States, Se. & Sw. Area Pension Fund v. Salusnek*, 977 F. Supp. 888, 891 (N.D. Ill. 1997).

Defendant argues that several witnesses relating to recruitment, job requirements, job responsibilities, sales training, and administrative exemptions are located in New Jersey. The details provided in Defendant's supporting declarations, however, are sparse; Defendant fails to identify any specific witness testimony that would be necessary to defend this case.[3] Plaintiff on the other hand, identifies nine Illinois residents by name and identifies generally the substance of their expected testimony. Defendant has failed to carry its burden of showing that *any* specific witnesses would be better served by transfer, much less shown that transfer would be more convenient for all witnesses as a whole. Accordingly, this factor weighs against transfer.

---

[3] When Plaintiff made this assertion in her response brief, Defendant characterized her position as "incredulous," citing to the declarations filed in support of its motion to transfer. *See* Def. Reply, Docket No. 24, at 5 n.3. Those declarations do not identify any specific witnesses; and to the extent Defendant claims that the two declarants represent the witnesses who would suffer inconvenience, that claim is not supported by the content of the declarations, which provide no indication of any purported testimony. Moreover, both declarations were submitted by management-level employees who, presumably, are within Defendant's control and would appear in either forum voluntarily.

The final convenience factor addresses the convenience to the parties. "It must be shown that the original forum is inconvenient for the defendant and that the alternative forum does not significantly inconvenience the plaintiff." *Continental*, 2009 WL 3055374, at *5.

Here, Defendant has shown that New Jersey is a more convenient forum for Defendant, but it has not shown that transferring this case to New Jersey would not significantly inconvenience Plaintiff. Indeed, it would likely be more inconvenient for Plaintiff to litigate this action in New Jersey than for Defendant to continue to defend itself in this district. Defendant is a national corporation with hundreds of sales representatives in numerous districts. Ultimately, transfer would simply shift the inconvenience of litigating in a foreign forum to Plaintiff. Therefore, this factor does not weigh in favor for transfer.

### *Interest of Justice*

In considering the interest of justice, the appropriate analysis focuses upon traditional notions of judicial economy, the speed at which cases proceed to trial, and the courts' familiarity with applicable law and desire to resolve controversies in their locales. *TIGS Ins., Co. v. Brightly Galvanized Prods., Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996).

When analyzing the speed at which cases proceed to trial, courts consider the median number of months from filing to disposition, as well as the median number of months from filing to trial. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Ill. 2004). According to the caseload profile for the Northern District of Illinois,

the median time from filing to disposition is 6.2 months, and the median time from filing to trial is 27.8 months. *See* U.S. District Court – Judicial Caseload Profile, http://www.uscourts.gov/viewer.aspx?doc=cgi-bin/cmsd2009.pl. In New Jersey, the median time from filing to disposition is 7.6 months, and the median time from filing to trial is 37.7 months. *Id.* The difference is not significant, but the statistics nonetheless show that cases are more likely to proceed at a slower pace in New Jersey than in this district. This factor does not weigh in favor of transfer.

Whether transfer of venue is proper also depends in part on the court's familiarity with applicable law. Plaintiff argues transfer is inappropriate because this case deals with Illinois law. Defendant counters by arguing that federal courts can answer substantive legal questions based on various state laws. Plaintiff's case is brought under both federal law (FLSA) and Illinois law (the IMWL); there are no claims asserted under New Jersey law. To the extent either district is better suited to preside over Plaintiff's claims, that district is the Northern District of Illinois. Although this is not a major factor, it weighs slightly against transfer.

The final consideration in the interest-of-justice analysis is the court's desire to resolve controversies in its own locale. Illinois has a significant interest in resolving controversies regarding its residents' wages under the IMWL. On the other hand, New Jersey has an interest in resolving controversies regarding its resident corporations. Both forums have an interest in hearing this suit. This factor weighs neither for nor against transfer.

Ultimately, the majority of the relevant factors do not weigh in favor of transferring this action to the United States District Court for the District of New Jersey.

## CONCLUSION

Defendant has not demonstrated that the convenience of all parties and witnesses, as well as the interest of justice, clearly requires that this case be transferred to New Jersey. Therefore, for the reasons stated above, Defendant's Motion to Transfer Venue is denied.

Date: December 15, 2010

JOHN W. DARRAH
United States District Court Judge